UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1043(DSD/JMM)

Creative Solutions International Inc.,

Plaintiff,

v.

**ORDER**

Midwest Fixture Group, Inc.,

Defendant.

Craig T. Dokken, Esq., Steven Theesfeld, Esq. and Yost & Baill, 120 Sixth Street South, Suite 2350, Minneapolis, MN 55402, counsel for plaintiff.

This matter is before the court on the motion of Creative Solutions International, Inc. for default judgment against defendant Midwest Fixture Group and for entry of an order permanently enjoining Midwest Fixture Group from making any attempt to sell, advertise, assign, display on its website or transport a magazine rack patented by Creative Solutions. Based on a review of the file, record and proceedings herein, the court grants the motion for default judgment and for a permanent injunction.

**BACKGROUND**

On July 23, 1998, Creative Solutions International, Inc. ("Creative Solutions") contracted with Midwest Fixture Group

FILED NOV 16 2000
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ____________
Deputy Clerk's Initials ______

("Midwest Fixture") for the production of various projects of Creative Solutions. Included in the contract was a non-compete clause that specifically stated that Midwest Fixture would forego any opportunities to compete with Creative Solutions during the period of time in which it worked for Creative Solutions and for two years afterward. [Beggs Aff., Exh. B].

In September, 1998, Creative Solutions designed a prototype of a magazine rack which displays magazines, compact discs or sheet music in retail stores. On April 29, 1999, Creative Solutions issued a purchase order to Midwest Fixture for the production of 30 magazine rack units. Midwest Fixture supplied the order and Creative Solutions sold the units to a music retail store. [Beggs Aff.]. On April 4, 2000, a patent on the magazine rack was issued to Creative Solutions.

Creative Solutions continues to advertise and sell the magazine rack as part of its exclusive product line. However, Midwest Fixture is currently advertising the magazine rack on its website and has demonstrated its willingness to sell the product to inquiring consumers. [Burns Aff.] Based on the fact that Midwest Fixture is still under contract to manufacture production for Creative Solutions, Creative Solutions alleges that Midwest Fixture's actions in advertising the patented magazine rack on its website without Creative Solutions's consent constitute breach of contract as well as patent infringement.

On April 25, 2000, Creative Solutions served Midwest Fixture with a copy of the complaint and a motion for a temporary restraining order. Creative Solutions subsequently postponed hearing on the motion and attempted to informally resolve the dispute, but to date, the efforts have not been successful. Creative Solutions now moves for entry of default judgment against Midwest Fixture and for an order permanently enjoining Midwest Fixture from further advertising the patented magazine rack. Midwest Fixture has not submitted an answer to the complaint, nor has it filed any pleadings or supplemental materials to counter Creative Solutions' motions.

**DISCUSSION**

Rule 55 of the Federal Rules of Civil Procedure provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Default judgments are a drastic remedy not favored in the law, and the entry of such a judgment is only appropriate where there has been a clear record of delay or contumacious conduct. See United States on Behalf of and for the Use of Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993); Wendt v. Pratt, 154 F.R.D. 229, 230 (D. Minn. 1994). The decision whether to enter a default judgment is committed to the sound discretion of

the district court. See Federal Trade Comm'n v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977) (per curiam).

In this case, where Midwest Fixture has failed to answer or otherwise defend itself against the motions to enjoin further advertising of the magazine rack, the court finds that the entry of default judgment against Midwest Fixture is warranted. The question now before the court is whether Creative Solution's request for a permanent injunction against Midwest Fixture is the appropriate remedy.

Section 283 of Title 35 of the United States Code provides that the court may grant an injunction "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. Similarly, the entry of a permanent injunction may be appropriate in a claim for breach of contract. See Overholt Crop Ins. Serv. Co v. Travis, 941 F.2d 1361 (8th Cir. 1991). In evaluating whether to grant a motion for injunctive relief, the court balances the four factors set forth by the Eighth Circuit in Dataphase Systems, Inc. v. CL Systems, Inc.: (1) the threat of irreparable harm to the movant in the absence of relief; (2) the balance between that harm and the harm that the relief would cause to the other litigants; (3) the likelihood of the movant's success on the merits; and (4) the public interest. Dataphase, 640 F.2d 109, 112-114 (8th Cir. 1981). The standard for the issuance of

permanent injunctive relief is essentially the same as that applicable to the issuance of preliminary injunctive relief, except that the moving party must show actual success, rather than probable success, on the merits. See Amoco Production Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12 (1987). The movant bears the burden of proof concerning each of these factors. See Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987).

The court has already determined that the entry of default judgment against Midwest Fixture is warranted, therefore success on the merits of the breach of contract and patent infringement claims is a moot issue here. With respect to the other Dataphase factors, the court concludes that the risk that Creative Solutions will suffer continuing financial harm is apparent, given Midwest Fixture's decision to advertise the patented product on its website as its own and its demonstrated willingness to sell the magazine rack to any inquiring consumer. Midwest Fixture can claim no legitimate harm from being ordered to cease the unlawful advertising and sale of its competitor's patented product, and it is in the public interest to protect Creative Solutions' patent and enforce the contract entered into between these parties. See Millard v. Electronic Cable Specialists, 790 F. Supp. 857-863 (D. Minn. 1992). Accordingly, the motion for a permanent injunction is granted.

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for default judgment is granted.

2. Plaintiff's motion for a permanent injunction is granted.

3. Defendant Midwest Fixture Group shall remove from its website the magazine rack which had been patented by Creative Solutions.

4. Defendant Midwest Fixture is enjoined from making any attempts to sell, advertise, assign, display on a website, or transport the patented magazine rack.

Dated: November 14, 2000

David S. Doty, Judge
United States District Court